## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Gary Hammon, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:19-cv-5726 |
| Firstsource Advantage, LLC a New York limited liability company, CACH, LLC, a Colorado limited liability company, and Resurgent Capital Services, L.P., a Delaware limited partnership, | ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

### CLASS ACTION COMPLAINT

Plaintiff, Gary Hammon, individually and on behalf of all others similarly situated,

brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA,

and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.       This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.       Venue is proper in this District because: a) the acts and transactions

occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

### PARTIES

3.       Plaintiff, Gary Hammon ("Hammon"), is a citizen of the State of Illinois,

residing in the Northern District of Illinois, from whom Defendants attempted to collect a

defaulted consumer debt, which was allegedly owed originally for a personal credit card he had with General Electric Capital Corporation ("GE").

4.       Defendant, Firstsource Advantage, LLC ("Firstsource"), is a New York limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant Firstsource operates a nationwide defaulted debt collection business and attempts to collect defaulted debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Firstsource was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.       Defendant, CACH, LLC ("CACH"), is a Colorado limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. Defendant CACH operates a nationwide defaulted debt collection business and attempts to collect defaulted debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant CACH was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6.       Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Resurgent operates a nationwide defaulted debt collection business and attempts to collect defaulted debts from

consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt Defendants attempted to collect from Plaintiff.

7.      Defendant CACH is a bad debt buyer that obtains/buys large portfolios of defaulted consumer debts for pennies on the dollar. CACH has no employees and acts through its sister company, Defendant Resurgent, which hires and directs the collection actions of other collection agencies and directs and controls CACH.

8.      Defendant CACH's principal, if not sole, business purpose is the collection of defaulted consumer debt originated by others.

9.      Defendants are authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct extensive business in Illinois by writing, calling and filing lawsuits as to thousands of Illinois consumers.

10.      Moreover, Defendants each act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

11.      More than 5 years ago, Mr. Hammon fell behind on paying his bills, including a debt he allegedly owed for a GE credit card. Sometime after that debt went into default, it was allegedly acquired by CACH, who tried to collect upon it by having Firstsource send him a form collection letter, dated August 27, 2018. A copy of this collection letter is attached as Exhibit B.

12.      This letter urged him to "resolve" and "settle" the debt, via a "limited time" settlement offer. The letter belatedly stated:

3

* * *

Please note that this important information is not legal advice. We believe that the legal time limit (Statute of Limitations) for suing you to collect this debt has expired and we cannot sue you for it. We may report or continue to report it to the credit reporting agencies for as long as the law permits reporting.
Even if the Statute of Limitations has expired, you may choose to make payment on the debt; however, be aware that if you make a payment, admit to owing the debt or waive the Statute of Limitations on the debt, the time limit on which the debt in enforceable in court may start again.

* * *

The letter, however, failed to state who the "we" was to whom the letter referred as to which entity could not sue, just Firstsource or Firstsource and CACH, and it failed to state that, in fact, neither Firstsource nor CACH could sue. Moreover, by stating that "We may report or continue to report it to the credit reporting agencies for as long as the law permits reporting", Defendants threatened Mr. Hammon with negative consequences if he did not pay the debt, which rendered any message about a decision not to sue ineffective, see, Exhibit B.

13.     In fact, neither Defendant could sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Illinois, namely Illinois Code § 735 ILCS 5/13-205 (five years from the date of the last activity).

14.     In fact, it is likely that the debt was so old that none of the Defendants could credit report the debt at issue, because no such report can be made once 7 years has passed from the date of last activity.

15.     The failure of Defendants to effectively disclose that none of Defendants could sue is material because they did not give Mr. Hammon, or any recipient of the letter, enough information to make an informed decision about responding to this collection effort, and caused Mr. Hammon to believe that the debt needed to be paid to

avoid credit reporting or a possible lawsuit from CACH.

16.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

17.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Collection Actions**

18.     Plaintiff adopts and realleges ¶¶ 1-17.

19.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

20.     Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA, see, Holzman v. Malcolm S. Gerald & Assocs., Inc., 920 F.3d 1264,1269-1273 (11th Cir. 2019); Tatis v. Allied Interstate, 882 F.3d 422, 429-300 (3d Cir. 2018); Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679, 685-687 (7th Cir. 2017), cert. denied, 138 S.Ct. 736, 199 L.Ed. 2d 604 (2018); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

21.     Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) it failed to foreclose the possibility that none of the Defendants could sue on the debt; b) it did not specify who could not sue; and c) it threatened credit reporting. Thus, Defendants' form letter violates § 1692e of the FDCPA, including § 1692e(2)(A) and § 1692e(5).

22.     These are materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported or having to pay the full amount at some point in the future, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

23.      Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

24.     Plaintiff adopts and realleges ¶¶ 1-17.

25.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

26.     Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) it failed to foreclose the possibility that none of the Defendants could sue on the debt; b) it did not specify who could not to sue; and, c) it threatened credit reporting. Defendants, by attempting to

collect a time-barred debt, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

27.     These are materially unfair or unconscionable means that would lead any consumer to believe that they had to pay this debt to avoid being sued or being credit reported, see, Lox, 689 F.3d at 826.

28.     Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

29.     Plaintiff, Gary Hammon, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a defaulted consumer debt allegedly owed for a GE account, via the same form collection letter (Exhibit B), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

30.     Defendants regularly engage in debt collection, by using the same form collection letter they sent to Mr. Hammon, in their attempts to collect defaulted consumer debts from other consumers.

31.     The Class consists of more than 35 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letter they sent Mr. Hammon.

7

32.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

33.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole, such that declaratory relief is warranted.

34.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Gary Hammon, individually and on behalf of all others similarly situated, prays that this Court:

1.     Certify this action as a class action;

2.       Appoint Plaintiff as Class Representative of the Class, and his attorneys as Class Counsel;

3.       Find that Defendants' form collection letter violates the FDCPA;

4.       Enter judgment in favor of Plaintiff and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.       Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Gary Hammon, individually and on behalf of all others similarly situated, demands trial by jury.

> Gary Hammon, individually and on behalf of all others similarly situated,
>
> By: /s/ David J. Philipps_____
> One of Plaintiff's Attorneys

Dated:  August 26, 2019

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com